IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES RILEY, not individually, but solely in his Capacity as Special Litigation Counsel, on behalf of the Estate of BUDGET FINANCE CORPORATION, a Reorganized Debtor, | ) ) ) ) ) ) ) ) | |
| | ) | No. 11 C 6976 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SIKICH LLP, et al., | ) ) | |
| Defendants. | ) | |

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Sikich LLP's (Sikich) and Defendant V. Gregory McKnight's (McKnight) motion for judgment on the pleadings or, alternatively, for partial judgment on the pleadings. For the reasons stated below, the motion is denied.

# BACKGROUND

Plaintiff, solely in his capacity as Special Litigation Counsel, on behalf of the Estate of Budget Finance Corporation (Budget), a Reorganized Debtor, alleges that

1

from 2007 through 2009, Budget was in the business of providing various loans to individuals and small businesses. Pursuant to two engagement letters (Contracts), Sikich allegedly audited, prepared opinion letters, and rendered other accounting services to Budget in the fiscal years ending July 31, 2007 (FY2007), and July 31, 2008 (FY2008). McKnight was allegedly the partner at Sikich in charge of providing services to Budget. In auditing, preparing opinion letters, and rendering other accounting services to Budget in FY2007 and FY2008, Defendants allegedly violated generally accepted accounting principles (GAAP) in breach of the Contracts. For example, Defendants allegedly listed automobiles that were not owned by Budget as assets on Budget's financial statements. Defendants also allegedly listed various receivables on Budget's financial statements that Budget had no actual interest in or would never collect upon. In addition, Defendants allegedly improperly estimated Budget's ability to collect on various loans.

Plaintiff alleges that Defendants' actions allegedly resulted "in a significant overstatement of [Budget's] assets and net worth." (Compl. Par. 14(g)). Plaintiff also alleges that Defendants "issued an unqualified opinion letter for [FY2007] and [FY2008] when Defendants knew or should have known that the value of the corporation was significantly overstated, and Budget was likely to become insolvent in a short period of time." (Compl. Par. 14(h)). Budget allegedly sustained direct financial losses due to the alleged improper use of certain corporate funds and assets and due to Budget's payment to Defendants for their allegedly improper accounting services. Budget also allegedly continued to operate longer than it should have,

which allegedly caused Budget and its investors and creditors to sustain greater financial losses than they would have sustained absent Defendants' alleged conduct.

Budget filed for Chapter 11 bankruptcy on August 19, 2009, in the United States Bankruptcy Court of the Northern District of Illinois (Bankruptcy Action). Plaintiff was approved as Special Litigation Counsel in the Bankruptcy Action, and on August 16, 2011, Plaintiff filed an adversary complaint against Defendants. Plaintiff includes in his complaint breach of contract claims (Count I) and professional negligence/financial malpractice claims (Count II). On January 17, 2012, the court granted Defendants' motion to withdraw the reference of the adversary proceeding. Defendants subsequently answered the complaint and now move for judgment on the pleadings.

## LEGAL STANDARD

A party is permitted under Federal Rule of Civil Procedure 12(c) (Rule 12(c)) to move for judgment on the pleadings after the parties have filed the complaint and the answer. Fed. R. Civ. P. 12(c); *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998). The courts apply the Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)) motion to dismiss standard when ruling on Rule 12(c) motions. *Guise v. BWM Mortgage, LLC,* 377 F.3d 795, 798 (7th Cir. 2004); *Northern Indiana*, 163 F.3d at 452. Thus, to defeat a motion for judgment on the pleadings, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v.*

3

*Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008)(quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007)(noting that "the old formula-that the complaint must not be dismissed unless it is beyond doubt without merit-was discarded by the *Bell Atlantic* decision")).

In ruling on a motion for judgment on the pleadings, the court must "accept as true all well-pleaded allegations," *Forseth v. Village of Sussex,* 199 F.3d 363, 364 (7th Cir. 2000), and "view the facts in the complaint in the light most favorable to the nonmoving party. . . ." *Northern Indiana* , 163 F.3d at 452 (quoting *GATX Leasing Corp. v. National Union Fire Ins. Co*., 64 F.3d 1112, 1114 (7th Cir. 1995)). The main difference between a Rule 12(b)(6) motion and a Rule 12(c) motion is that a Rule 12(b)(6) motion may be filed before the answer to the complaint is filed, whereas a Rule 12(c) motion may be filed "after the pleadings are closed but within such time as not to delay the trial." *Id.* at 452 n. 3 (citing Fed. R. Civ. P. 12(c)).

**DISCUSSION**

Defendants argue that they are entitled to judgment on the pleadings because Plaintiff cannot show causation or damages and because Plaintiff lacks standing to bring the claims asserted. Defendants also argue, in the alternative, that they are entitled to partial judgment on the pleadings regarding the issue of who prepared Budget's financial statements and the measure of damages permitted under the contract entered into between Budget and Sikich in 2007 (2007 Contract).

I. Causation

Defendants argue that Plaintiff cannot show causation because, according to Defendants, it is undisputed that Defendants did not prepare Budget's financial statements or direct the use of Budget's corporate assets. In support of their argument, Defendants contend that the Contracts conclusively establish that Budget prepared its own financial statements for FY2007 and FY2008, thus destroying causation. The Contracts were attached to the complaint, and thus the court may consider them in ruling on the instant motion. *See Northern Indiana*, 163 F.3d at 452-53 (indicating that the court must rule on a Rule 12(c) motion based upon a review of the pleadings alone, and that the pleadings include the complaint, the answer, and any written instruments attached as exhibits, such as affidavits, letters, contracts, and loan documentation). However, the Contracts do not conclusively establish that Budget was solely responsible for its financial statements, since they leave open the possibility that Defendants could "perform additional services not contemplated by [the Contracts]." (Mot. Ex. A, 17). Perhaps recognizing this, Defendants attached to their motion for judgment on the pleadings an affidavit addressing the issues of causation and damages, sworn by Robert Reuland (Reuland), Budget's former CEO and President. However, the court may not consider Reuland's affidavit without converting the instant motion into a motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56. *See* Fed. R. Civ. P. 12(d)(stating that if the court considers matters outside the pleadings, the motion "must be treated as one for summary judgment under Rule 56," and "[a]ll parties

5

must be given a reasonable opportunity to present all the material that is pertinent to the motion"); *see also, e.g., Northern Indiana*, 163 F.3d at 453 n. 5. The court declines to convert the instant motion into a Rule 56 motion for summary judgment, and therefore neither Reuland's affidavit nor the substantial volume of rebuttal evidence offered by Plaintiff will be considered by the court in ruling on the instant motion.

In addition, not only do the Contracts fail to establish that Budget was solely responsible for its financial statements, the issue of who prepared Budget's financial statements is not dispositive given the allegations in the complaint. Plaintiff alleges that Defendants audited Budget's financial statements, prepared opinion letters, and rendered other accounting services to Budget. Plaintiff also alleges that, in doing so, Defendants violated GAAP, and that Defendants' violations of GAAP caused Budget financial harm in various ways. Such facts are sufficient to state breach of contract and professional negligence/financial malpractice claims in this case. Further, the court notes that it is axiomatic that Defendants would not "rely" on the very financial statements that they were charged with auditing, as Defendants suggest, since that would defeat the entire purpose of performing an audit. *See Fehribach v. Ernst & Young LLP*, 493 F3d 905, 910 (7th Cir. 2007)(stating that "[t]he purpose of an audit report is to make sure the audited company's financial statements . . . correspond to reality, lest they either have been doctored by a defalcating employee or innocently misrepresent the company's financial situation"). In this case, Plaintiff contends that there were discrepancies between Budget's financial statements and Budget's actual

financial condition, and that Defendants either failed to notice the discrepancies or actually acquiesced to them.  Thus, Defendants' contention that Plaintiff cannot show causation based on Budget's preparation of the financial statements is without merit.

Defendants also argue that Plaintiff cannot show causation since it is undisputed that Defendants did not direct the use of Budget's corporate assets, and Defendants contend that "Plaintiff does not assert any facts to explain how Budget could have been deprived of the use of assets." (Mot. 6).  In the first instance, Plaintiff does not allege that Defendants directed the use of Budget's corporate assets, causing harm to Budget.  Instead, Plaintiff alleges that Defendants "*acquiesced* to the use of Budget corporation funds for the purchase of non-corporation assets." (Compl. Par. 14(a))(emphasis added).  Plaintiff also alleges, among other things, that Defendants included certain payments made by Budget to Reuland as current receivables when Defendants knew or should have known that Reuland did not intend to repay any funds to Budget.  Taking the facts in the light most favorable to Plaintiff, as the court must do at this juncture, such allegations plausibly suggest how Budget could have been deprived of the use of corporate assets due to Defendants' conduct.  Thus, Defendants' contention that Plaintiff cannot show causation relating to the use of assets is also without merit.  Based upon the above, Plaintiff has adequately alleged causation and nothing in the pleadings conclusively undermines Plaintiff's allegations.  At the summary judgment stage of the proceedings, Plaintiff will be required to point to sufficient evidence to show causation between Defendants' conduct and the damages Budget allegedly sustained.

7

II. Damages

Defendants argue that Plaintiff's primary damages theory relates to Budget's deepening insolvency, and that such a theory is only recognized where there is some indication of fraud, breach of fiduciary duty, or other wrongdoing. Plaintiff has alleged sufficient facts to plausibly suggest wrongdoing by Defendants, including that Defendants allegedly acquiesced to the misuse of Budget's assets and that Defendants allegedly violated GAAP when auditing Budget's financial statements and preparing opinion letters relating to Budget. *See Fehribach*, 493 F.3d at 908-09 (indicating that the theory of deepening insolvency is sometimes available in cases where an insolvent company would have been "worth more liquidated than the sum of its liabilities," or where there are allegations suggesting "management in cahoots with an auditor or other outsider concealed the corporation's perilous state"). Therefore, Plaintiff has adequately pled facts to support its alleged damages relating to Budget's deepening insolvency. In addition, Plaintiff has alleged other damages to Budget resulting from Defendants' alleged conduct, including direct damages based upon Defendants' alleged acquiescence to the misuse of Budget's assets, and direct damages based upon payments made by Budget to Defendants in exchange for allegedly deficient accounting services. Based upon the above, Plaintiff has adequately pled damages. At the summary judgment stage of the proceedings, Plaintiff will be required to point to sufficient evidence to show that Budget sustained the damages that Plaintiff has alleged.

III. Standing

Defendants also argue that Plaintiff lacks standing to bring claims against them under Illinois law. In making their argument, Defendants rely on *Steinberg v. Buczynski*, 40 F.3d 890, 891 (7th Cir. 1994). However, *Steinberg* was a case in which a bankruptcy trustee filed an adversarial proceeding relating to a bankrupt corporation's debt to a single creditor. *Id.* at 891. In addition, the Seventh Circuit, in *Steinberg*, clearly distinguished between "personal" claims relating to the alleged entitlements of a single creditor and "general" claims relating to the alleged entitlements of the bankrupt corporation, which would enure to the benefit of all creditors. *Id.* at 892-93.

Defendants argue that the instant action must not be a claim on behalf of the corporation since the bankruptcy filings, which the court may take judicial notice of, do not indicate that Budget believed it had any legal claims against Defendants. However, Defendants have not presented any case law demonstrating that Budget's belief is relevant to the issue of whether the claims asserted are general or specific. The trustee's job is to marshal the assets of the corporation for the benefit of all creditors. *See Fisher v. Apostolou*, 155 F.3d 876, 879-80 (7th Cir. 1998)(stating that "the trustee has the sole responsibility to represent the estate, by bringing actions on its behalf to marshal assets for the benefit of the estate's creditors," and that the trustee's "right to bring a claim depends on whether the action vests in the trustee as an assignee for the benefit of creditors or, on the other hand, accrues to specific

9

creditors"). Plaintiff has pled facts to plausibly suggest that Budget was harmed by the alleged acts of Defendants, as opposed to facts suggesting that a specific creditor or group of creditors was harmed. Therefore, Plaintiff has standing to pursue the claims asserted against Defendants in the instant action. Since the court finds that Plaintiff is bringing general claims on behalf of the corporation in the instant action, the court need not consider the limitations of 225 ILCS 450/30.1 relating to accounting malpractice claims brought by third-parties. Based upon the above, Defendant's request for judgment on the pleadings is denied.

IV. Alternative Request for Partial Judgment on the Pleadings

Defendants argue that they are at least entitled to partial judgment on the pleadings regarding the issue of who prepared Budget's financial statements and the measure of damages permitted. However, as discussed above, the pleadings do not conclusively establish who prepared Budget's financial statements, nor is the issue dispositive with respect to Plaintiff's claims. Regarding partial summary judgment on the issue of damages, the 2007 Contract limits damages only to the extent that Defendants' conduct does not amount to gross negligence. At this juncture, it is premature for the court to rule that Defendants' conduct does not amount to gross negligence. Further, the contract entered into between Budget and Sikich in 2008 does not contain a similar clause limiting Budget's right to recover. Therefore, based upon the above, Defendants' alternative request for partial judgment on the pleadings is also denied.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion for judgment on the pleadings or, alternatively, for partial judgment on the pleadings is denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 14, 2012